JURY TRIAL REQUESTED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

WILLIAM SKEWES-COX )
117 E St. Apt. #103 SE )
Washington, DC 20003 )
 )
    Plaintiff, )
 )
v. ) Case: 1:22-cv-00818   JURY DEMAND
 ) Assigned To : Nichols, Carl J.
GEORGETOWN UNIVERSITY ) Assign. Date : 3/25/2022
LAW CENTER ) Description: Pro Se Gen. Civ. (F-DECK)
600 New Jersey Ave., NW )
Washington, DC 20001 )
 )
& )
 )
DEPARTMET OF EDUCATION )
OFFICE FOR CIVIL RIGHTS )
400 Maryland Ave., SW )
Washington, DC 20202 )
 )
 )
    Defendants. )
 )
 )

**COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF**

Introduction

1. Plaintiff William Skewes-Cox brings this action under Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794, and Section 706 of the Administrative

Procedure Act, 5 U.S.C. § 706, against Defendants Georgetown University Law

RECEIVED

MAR 25 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Center ("GULC") and Office of Civil Rights ("OCR") at the Department of Education.

2. GULC discriminated against Plaintiff when, on August 4, 2021, GULC's Associate Dean for Academic Affairs, Urska Velikonja, used the fact that Plaintiff had sought accommodation for a disability against Plaintiff during an academic grading dispute.

3. Later, OCR arbitrarily and capriciously dismissed Plaintiff's discrimination complaint against GULC based on a clearly erroneous understanding of the underlying facts.

4. From GULC, Plaintiff seeks a formal apology, better treatment for students with medical disabilities, and the review of his academic dispute without discriminatory animus. From OCR, Plaintiff seeks the reinstatement of his complaint for discrimination against GULC.

## Jurisdiction

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C § 1331.

## Parties

6. Plaintiff William Skewes-Cox is a former Georgetown University Law Center student who currently works in Washington, DC as a human rights lawyer.

7. Defendant GULC is the law school of Georgetown University located in Washington, DC.

8. Defendant OCR is the section of the Department of Education tasked with investigating claims of discrimination by educational institutions such as GULC that receive federal dollars. The OCR staff that initially reviewed Plaintiff's claim is DC based.

**Facts**

9. In an academic dispute with Georgetown University Law Center ("GULC"), Plaintiff was discriminated against on account of a disability. Before, during, and after his academic dispute with Georgetown Law Plaintiff suffered from kidney cancer and was undergoing treatment that involved major surgeries. Cancer is a widely recognized disability. The administration used the fact that Plaintiff had sought out accommodations for his disability against him in an academic dispute.

10. On March 25, 2021, Plaintiff underwent surgery to treat a malignant tumor on his left kidney. The surgery resulted in severe pain and additional emergency hospital stays, which limited his ability to perform academic work. As a result, Plaintiff contacted the Law Center's Dean of Students "to ask for advice about ...

how [he] should handle the academic difficulties" and the Dean of Students told Plaintiff to contact his professors regarding deadline extensions, which Plaintiff did.

11. Following Plaintiff's request, one of his professors granted an extension that allowed him to turn in a rough draft of a paper after the regular deadline. As a result of turning in the rough draft late, Plaintiff did not receive feedback until several days before the final paper was due, much later than promised by the professors. This caused Plaintiff to raise a grading concern, which the University treated as a formal grade petition.

12. During an August 4, 2021 meeting regarding the grading concern with Urska Velikonja, the Associate Dean for Academic Affairs, Dean Velikonja told Plaintiff that the issues he was having in the course were the result of the disability accomodations he had requested and that if Plaintiff did not want these problems he should have turned in the draft on time despite his disability. Dean Velikonja also told Plaintiff that he could have withdrawn from the course if he wanted to avoid issues with deadlines and grading. This was the first time in Plaintiff's conversations with GULC administration that the possibility of withdrawal arose. On August 5, 2021, the Associate Dean for Academic Affairs formally denied the grade petition.

13. As a result of his cancer disability, Plaintiff had sought out academic support from the GULC administration. Given than Plaintiff also suffer from hearing loss, Plaintiff was well aware of the procedures for obtaining disability support. Plaintiff followed the procedures exactly as they are laid out on the GULC website.

14. Plaintiff filed a complaint with the Office for Civil Rights (OCR) of the U.S. Department of Education seeking redress for the discrimination experienced. Plaintiff's complaint, however, was dismissed on October 18, 2021. Plaintiff appealed the dismissal but appeal was denied on January 26, 2022 without further explanation.

15. The decision to dismiss by OCR was clearly erroneous because it contains obvious factual errors. OCR dismissed his complaint because OCR alleged that Plaintiff did not follow the University's procedures for disability accommodation. The reasoning for dismissing his complaint is as follows:

> "OCR finds that the University has reasonable procedures that allow students to provide documentation of their disability and request academic adjustments and auxiliary aids and services; however, you did not follow these procedures, even though you were personally aware of the Office of Disability Services and its accommodations process due to a prior accommodation request. Therefore, OCR cannot reasonably conclude the University violated Section 504 in regard to this allegation. For the reasons explained above, OCR is dismissing your complaint and will take no further action on the complaint."

OCR included a footnote with a link to procedures Plaintiff was supposed to follow:

16. However, upon opening the link to the University's procedures that Plaintiff allegedly did not follow, it is beyond clear that Plaintiff did in fact follow these procedures. Plaintiff followed these procedures because Plaintiff went to this page, read all the instructions, and followed them accordingly. According to these procedures, his cancer disability counted among the "Temporary Disabilities." The "Temporary Disabilities" heading explains that "Georgetown Law facilitates accommodations for students with temporary disabilities or medical conditions…on a short term basis. Students whose illnesses or injuries are expected to last longer than one semester should register with ODS for accommodations." Plaintiff considered his disability to qualify under "Temporary Disabilities" because cancer is a medical condition and his treatment was not expected to last longer than one semester. The expected length of one semester was based on the fact that, though Plaintiff's cancer treatment was planned to extend into the summer, Plaintiff was already in his final semester of law school. Therefore, by the next semester Plaintiff would no longer be a student at Georgetown Law.

17. According to Georgetown's website, students with "Temporary Disabilities" are required to follow two steps. "Step 1" is to "Email the Georgetown Law Dean of

Students to schedule a meeting to discuss reasonable accommodations. Include documentation from a treating physician that includes a diagnosis, severity, limitations, prognosis, and estimated duration of the disabling condition." As Plaintiff stated in his interview with OCR and as OCR's own decision letter confirms, Plaintiff followed this exact procedure when Plaintiff emailed and then met with Dean of Students Mitch Bailin. "Step 2" then asks the student to "Communicate with ODS for accommodation implementation." However, in his meeting with Dean Bailin, Plaintiff was told by Dean Balin to instead communicate directly with his teachers and with the registrar, which Plaintiff did. Plaintiff told OCR that Plaintiff had emails proving this.

18. The foregoing shows that, clearly contrary to OCR's baseless and erroneous assertion that Plaintiff "did not follow these procedures," a mere cursory glance at the web page that is cited as support for OCR's erroneous assertion reveals that Plaintiff did in fact follow the exact procedures laid out by GULC on its website. Therefore, OCR's basis for dismissing Plaintiff's complaint is without merit and clearly erroneous.

## Claim for Relief

19. Plaintiff was discriminated against by GULC on account of a disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

7

20. OCR's decision to dismiss Plaintiff's discrimination complaint against GULC was arbitrary, capricious, and without rational basis in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

## Request for Relief

WHEREFORE, Plaintiff respectfully request that this Court enter an order:

(a) Declaring that GULC discriminated against the Plaintiff on account of his disability;

(b) Declaring that OCR's dismissal of Plaintiff's complaint was arbitrary and capricious;

(c) Requiring GULC to review *de novo* Plaintiff's underlying academic dispute without the animus stemming from disability discrimination that tainted the first decision;

(d) Requiring GULC to update its procedures to provide more support to students suffering from medical disability;

(e) Requiring Dean Urska Velikonja to provide Plaintiff with a written letter of apology;

(f) Reinstating Plaintiff's complaint against GULC at OCR.

Dated: March 25, 2022

Respectfully submitted,

W. M[signature]

(415) 310-9013