**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM SKEWES-COX,<br><br>*Plaintiff*,<br><br>v.<br><br>GEORGETOWN UNIVERSITY LAW CENTER, *and*<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Civil Action No. 22-cv-818 (CJN) |

**MEMORANDUM OPINION**

Plaintiff William Skewes-Cox is a former law student suing Georgetown University and the U.S. Department of Education after he was denied certain testing accommodations for his disability in the spring semester of 2021. Both Defendants move to dismiss. The Court agrees as to each Motion, *see* ECF No.15, ECF No. 21.

**Background**

In March 2021, Skewes-Cox was a student in his last semester at the Georgetown University Law Center. After undergoing a serious surgery, *see* ECF No. 1 at 3, he approached the Dean of Students to ask for assistance in handling his "academic difficulties" in light of complications arising from the surgery. *Id*. at 3-4. The Dean of Students advised Skewes-Cox to contact his professors and ask for an extension. *Id*. at 4.

Skewes-Cox was familiar with the procedures for obtaining disability support because of a different disability related to his hearing loss. *See* ECF No. 1 at 5. He asked one professor for

an extension of time to turn in a paper; the professor allowed him to "turn in a rough draft of a paper after the regular deadline." *Id*. at 4. As a result, Skewes-Cox alleges, he did not receive feedback on the paper until "much later than promised," and just "several days before the final paper was due." *Id*. He asserts that the late feedback led him to turn in a subpar paper, and thus to receive a poor grade. As a result, Skewes-Cox raised a "grading concern, which the University treated as a formal grade petition." *Id*.

During a meeting after graduation with Georgetown's Associate Dean for Academic Affairs to discuss his petition, Skewes-Cox was allegedly told him that his academic problems were a product of his disability accommodations. *See* ECF No. 1 at 4. Skewes-Cox claims that he was told if he "did not want these problems he should have turned in the draft on time despite his disability." *Id*. He was also told, he asserts, that he could have "withdrawn from the course if he wanted to avoid issues with deadlines and grading." *Id*. On August 5, 2021, the Associate Dean denied his petition.

Skewes-Cox then filed a complaint with the Office of Civil Rights of the U.S. Department of Education ("OCR"), which OCR denied on October 18, 2021. *See* ECF No. 1 at 5. He alleges that OCR denied his request because it found that Georgetown had "reasonable procedures that allow students to provide documentation of their disability and request academic adjustments." *Id*. OCR also credited the fact that Skewes-Cox was "personally aware of [Georgetown's] Office of Disability Services and its accommodations process due to a prior accommodation request." *Id*. He appealed that denial but lost his appeal on January 26, 2022. *Id*.

Skewes-Cox thereafter filed this suit. He alleges that Georgetown's denial of his petition for a grade change violated the Rehabilitation Act of 1973. *See* ECF No. 1 at 7 (citing 29 U.S.C. § 794). And he alleges that OCR's dismissal of his discrimination complaint violated the

Administrative Procedure Act. *Id*. at 8 (citing 5 U.S.C. § 706). His complaint seeks an apology letter from Georgetown, a declaration that Georgetown discriminated against him, an order that Georgetown review his academic dispute anew, an order that Georgetown update its procedures concerning medical disabilities, a declaration that the dismissal of his OCR complaint was arbitrary and capricious, and reinstatement of his OCR complaint. *Id*.

Skewes-Cox later docketed a summons attesting that he had sent copies of his complaint to the Department of Education and Georgetown via priority mail. *See* ECF No. 4. When Georgetown did not appear, he then sought entry of default. *See* ECF No. 7. Georgetown ultimately appeared, seeking both to vacate entry of default and to dismiss the complaint. *See* ECF No. 9. Georgetown argued that Skewes-Cox's complaint should be dismissed, among other reasons, for failure to properly serve it.

The Court agreed, holding that Rule 4(c)(2) did not permit Skewes-Cox to "personally serve a summons and complaint, even if the party is permitted to do so under relevant state law." ECF No. 19 at 2 (quoting *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 356 (D.D.C. 2020)). The Court therefore dismissed the claims against Georgetown and vacated the entry of default. But because Skewes-Cox is a *pro se* plaintiff, the Court gave him 45 days to properly effect service. *Id*.

Within that period, Skewes-Cox again docketed a summons purporting to establish proper service. *See* ECF No. 20. That summons stated that "Frida von Jetschyk" sent Georgetown a copy of the complaint "by certified mail" on April 10, 2023. *Id*. at 1. But the record also reflects that the Complaint was sent in an envelope with Skewes-Cox's name and return address and was addressed to "Georgetown University Law Center, Office of General Counsel." ECF No. 21-1 at

15; *see also* ECF No. 21-2 at 3. Georgetown has moved to dismiss again, arguing both that it has not been properly served and that the Complaint fails to state a claim as to it.

As for the government, it has also moved to dismiss for failure to state a claim. *See* ECF No. 15. The government argues that Skewes-Cox both has an adequate alternative remedy (his claims against Georgetown) and the dismissal of his administrative complaint was an unreviewable exercise of discretion. *Id*. at 4-5.

**Analysis**

**I. Georgetown**

In its prior order regarding service of process, the Court held that Skewes-Cox was not permitted to personally serve process on Georgetown. *See* ECF No. 19 at 2. The Court therefore ordered Skewes-Cox to "serve Georgetown in compliance with Federal Rule of Civil Procedure 4" and to "file proof of service with the Court." *Id*. at 3. Service of process must be made by a "person who is at least 18 years old and not a party" to the lawsuit. Fed. R. Civ. P. 4(c)(2). A federal court may assert personal jurisdiction over a defendant only if "the procedural requirements of effective service of process are satisfied." *Mann v. Castiel,* 681 F.3d 368, 372 (D.C. Cir. 2012).

This time around, Skewes-Cox mailed a copy of his complaint to "Georgetown University Law Center, Office of General Counsel" in an envelope bearing as a return address his name and residence. *See* ECF No. 21-2 at 3. Skewes-Cox nevertheless contends that he "did not do the mailing"; instead, he argues, Ms. von Jetschyk did by dropping the mailing at the post office. *See* ECF No. 22 at 14-15. Skewes-Cox argues that his "handwriting on the envelope only shows that [he] filled out the addresses," not that he did the mailing. *Id*. at 14.

Georgetown argues that Skewes-Cox's attempted service is defective because he sent his complaint himself with a package through the mail, his package is addressed to an agent who is not authorized to receive service on its behalf, and he has not submitted proof of a return receipt

signed by an agent authorized to accept service on its behalf. *See* ECF No. 21-1 at 15. Skewes-Cox concedes that the envelope bears his name and address, and if that means he sent it himself, service would be ineffective.

The Court agrees with Georgetown. Skewes-Cox is a party to this suit and therefore cannot personally serve his complaint to Georgetown by mail, as this Court held in its February 2023 Order. *See* ECF No. 19 at 2 ("[Rule] 4 does not permit a party, like [Skewes-Cox], to personally serve a summons and complaint, even if the party is permitted to do so under the relevant state law.") (quoting *Johnson-Richardson*, 334 F.R.D. at 357). This is true even when he uses the mailing service as a third-party intermediary. *See, e.g.*, *Hamilton-Warwick v. U.S. Bancorp*, No. 15-cv-2730 (JRT/HB), 2016 WL 740257, at *2 (D. Minn. Feb. 24, 2016) ("While [Plaintiff] did send the summons and complaint through the mail, her use of the mail was how she attempted service; it did not change who was making the attempt."). This time around, Skewes-Cox delivered his complaint to Georgetown via certified mail with his name and address on the envelope. *See* ECF No. 21-1 at 15.[1] If the mailing had failed, the envelope with Skewes-Cox's complaint and complaint would have been sent back to him – not "Frida von Jetschyk." In addition, the exhibits attached to his Proof of Service do not clearly indicate who physically submitted the package

[1] This case differs in one important regard from *Johnson-Richardson v. Univ. of Phoenix*, No. 18-cv-3016 (RDM), 2020 WL 7318004 (D.D.C. Dec. 11, 2020). There, Judge Moss held that a *pro se* litigant had satisfied Rule 4(c)(2) when he had a third party send a copy of his complaint to a university by certified mail. But *see id*. at 2020 WL 7318004, at *2 (dismissing under Fed. R. Civ. P. 4(e) for service on an improper agent of the university). But there, the third party – and not the plaintiff – had signed his name and address on the envelope and delivered the complaint to the U.S. Postal Service. *See* "Return of Service/Affidavit," *Johnson-Richardson v. Univ. of Phoenix*, Case No. 18-cv-3106, Dkt. 27 at 4 (D.D.C. Mar. 4, 2020). In contrast, Skewes-Cox signed his own name and address on the envelope and then had a third party deliver his complaint and summons to the U.S. Postal Service, which then delivered his complaint and summons to an office not authorized to accept service on Georgetown's behalf. In other words, he has again personally sent his complaint and summons to Georgetown via certified mail.

complaint to the U.S. Postal Service for delivery. *See* ECF No. 20 at 2-3. Based on this record, the Court concludes that Skewes-Cox delivered his complaint to Georgetown himself. Georgetown was therefore improperly served.

Even if Skewes-Cox had served Georgetown properly, dismissal would be warranted. Skewes-Cox's Rehabilitation Act claims are best construed as a claim for failure to accommodate his disability. *See* ECF No. 1 at 4 (arguing that Plaintiff "raise[d] a grading concern" based on his "not receiv[ing] feedback until several days before the final paper was due"). He must therefore allege: (1) that he is disabled for purposes of the Rehabilitation Act; (2) that the university had notice of his disability; and (3) that the university denied his request for a reasonable accommodation of his disability. *See Chenari v. George Washington Univ.*, 847 F.3d 740, 746-747 (D.C. Cir. 2017) (quoting *Stewart v. St. Elizabeths Hospital*, 589 F.3d 1305, 1307-1308 (D.C. Cir. 2010)).

Georgetown concedes that it had notice of Skewes-Cox's disability but argues that Skewes-Cox was not denied a reasonable accommodation. *Compare* ECF No. 21-1 at 12 ("Plaintiff's allegations establish that Georgetown accommodated him by granting him an extension of time to complete a rough draft of a paper, *and* that he received feedback on the draft several days before the paper was due.") *with* ECF No. 22 at 13 ("[T]he core and defining characteristic of the type of course in question . . . was extensive feedback on the draft from professors).

The Court agrees. After all, Skewes-Cox's professor both granted him an extension on his rough draft and gave him feedback "several days" before the final paper was due. ECF No. 1 at 4. He does not allege that he sought and was denied an extension on the final paper. Instead, he sought a different grade through a grade petition. *Id*. But the university was well within its discretion to deny that grade petition given its conclusion that he could have "turned in the draft

on time" or "withdrawn from the course . . . to avoid issues with deadlines and grading." *Id*. As the Court of Appeals has said, "[A] judgment by school officials that a student has not performed adequately to meet the school's academic standards is a determination that usually calls for judicial deference." *Chenari v. George Washington University*, 847 F.3d 740, 744-45 (D.C. Cir. 2017). So too here.

## II. Department of Education

Under the APA, a court may only review agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As the Court of Appeals has held, "Congress considered private suits to end discrimination not merely adequate but in fact the proper means for individuals to enforce . . . antidiscrimination statutes." *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 752 (D.C. Cir. 1990). Here, that means Skewes-Cox cannot pursue a claim against the Department of Education because his private suit against Georgetown is an adequate and proper means of enforcing his antidiscrimination claims.

In any event, the Department's decision whether to pursue an enforcement action is "committed to agency discretion by law." *See* 5 U.S.C. § 701(a)(2). That decision "shares to some extent the characteristics of the decision of a prosecutor in the Executive Branch not to indict—a decision which has long been regarded as the special province of the Executive Branch." *Heckler v. Chaney*, 470 U.S. 821, 833 (1985). And courts cannot impose "concrete limitations" on the agency's exercise of discretion over enforcement actions. *See Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011).

## Conclusion

For the forgoing reasons, the Court grants both Defendants' motions and dismisses Plaintiff's Complaint. An Order will issue contemporaneously with this Opinion.

DATE: March 5, 2024

CARL J. NICHOLS
United States District Judge